Nott, J.
delivered the opinion of the Court.
The words of the act are, “ In case any master, or other person having charge or government of any slave, who shall be accused of any capital crime, shall conceal or convey away any such slave, so that he cannot be brought to trial and condign punishment, every master, or other person, so offending, shall forfeit the sum of two hundred and fifty pounds, &c.” P. L. 168. There are two descriptions of persons embraced within the provisions of this act; the master, and any other person having the charge or government of such slave. The owner of the slave in question was an elderly lady, and it is admitted, that the defendant, her son, had the general superintendence and management of her plantation and slaves. He therefore conies within both the terms and the policy of the law; and the act might be evaded upon any other construction. The owner of slaves might give general instructions to their oveersoers, to have them conveyed away on such occasions; and so the offence might be committed, without the owner having any knowledge of the fact having existed. The act, in all probability, was intended to be adapted to tire habit in this country of employing overseers, and others, to take charge and management of slaves ; and the latter words were introduced for the purpose of providing for such a case.
*134 On the second ground it is contended, that as the defendant ii- . cud not convey away the slave in person, but employed another as h*s agent, he was merely an accessary, and could not Ihere-fore be convicted as principal. But it will be recollected, that whatever constitutes one an accessary in a capital offence, renders him liable as principal in a misdemeanor: and a person may even subject himself to capital punishment, by making another the innocent instrument of his criminality. The defendant therefore is not the less guilty, because he effected his purpose through the instrumentality of another. He was the efficient cause, while the agent may have been ignorant of the object, and innocent of the offence. The act would become a dead letter, if it could be defeated by a subterfuge of that sort.
The defendant was properly convicted ; and the motion must be refused on both grounds.
Motion refused.